IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY FERRELL HOLSTICK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 3:16cv530-MHT<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

This case is before the court on a motion under 28 U.S.C. § 2255 filed on June 27, 2016, by federal inmate Anthony Ferrell Holstick ("Holstick"). Doc. No. 1. Holstick contends that the Supreme Court's holding in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015),[1] extends to invalidate his 1996 conviction for carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). *See United States v. Holstick*, Case No. 3:94cr114.[2] For the reasons that follow, the court finds that Holstick's motion

---

[1] In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague because it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." 135 S.Ct. at 2557. The portion of the ACCA that the Court found unconstitutionally vague defined "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. at 2555–56 (emphasis omitted) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

[2] In the same proceeding, Holstick was also convicted of conspiring to distribute cocaine base, two counts of distributing cocaine base, and one count of money laundering. *See* Case No. 3:94cr114, Doc. No. 995 at 2–3. He received a total term of imprisonment of 420 months.

should be dismissed as a successive § 2255 motion filed without the required appellate court authorization.

## II. DISCUSSION

This is the third § 2255 motion filed by Holstick attacking his convictions and sentence in Case No. 3:94cr114. Holstick's first § 2255 motion was filed in June 2001. *See United States v. Holstick,* Civil Action No. 3:01cv734-TMH, Doc. No. 1. On December 5, 2003, this court denied that § 2255 motion with prejudice, deciding all claims adversely to Holstick. *Id.,* Doc. No. 17 (Order of District Judge Adopting Recommendation of Magistrate Judge [Doc. No. 14]).

Holstick filed a second § 2255 motion on May 29, 2012. *See Holstick v. United States,* Civil Action No. 3:12cv484-TMH, Doc. No. 1. This court summarily dismissed that § 2255 motion as a successive motion filed without the required appellate court authorization. *Id.,* Doc. Nos. 3, 4 & 5.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

"The bar on second or successive [§ 2255] motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).

Holstick has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. Although he sought such authorization, his application to file a successive § 2255 motion based on his instant claim under *Johnson* was denied by the Eleventh Circuit on July 15, 2016. *See In re: Anthony Holstick*, Court of Appeals Case No. 16-13650 (finding Holstick's conviction for carrying a firearm during a drug trafficking offense did not implicate 18 U.S.C. § 924(c)'s definition of a "crime of violence" and thus *Johnson* did not apply). Because Holstick has not obtained the required authorization from the appellate court, this court lacks jurisdiction to consider his present § 2255 motion, and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be dismissed for lack of jurisdiction, as Holstick has failed to obtain the

requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before January 10, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 27th day of December, 2017.

                               /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE